UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

YESSICA ARREAZA

    Plaintiff,

vs.                                        Case No.

ALLIED HEALTH ORGANIZATION INC,
a Florida Not for Profit Corporation, and
ALEJANDRO CASTRO, individually

    Defendants
_____/

## COMPLAINT

Plaintiff YESSICA ARREAZA, (hereinafter "Plaintiff") by and through her undersigned counsel, files this Complaint against Defendants ALLIED HEALTH ORGANIZATION INC, a Florida not for Profit Corporation,(hereinafter "ALLIED HEALTH") and ALEJANDRO CASTRO, individually, (hereinafter "CASTRO") and collectively referred to as "DEFENDANTS S") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages, unpaid overtime wages and for damages for retaliation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and the Florida Minimum Wage Act, Art. 10, § 24 of the Florida Constitution, §448.01 *et seq*, Fla. Stat (hereinafter "FMWA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times

1

conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff at all times pertinent to this complaint resided within Miami-Dade County, Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a technician from on or about August 7, 2021, to on or about September 20, 2021.

7. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e) and Fla. Stat. § 448.101.

8. ALLIED HEALTH is a Florida corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. ALLIED HEALTH had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

9. ALLIED HEALTH ORGANIZATION INC is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. At all times material to this Complaint, ALLIED HEALTH ORGANIZATION INC employed at least ten or more employees and has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or

produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Specifically, Defendant ALLIED HEALTH ORGANIZATION, INC., provides all health care services for communities across the state of Florida Defendant offers primary care physician services with specializations in HIV and STDs and other services including testing, treatment, and prevention.

12. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regular and recurrently used the instrumentalities of interstate commerce.

13. ALLIED HEALTH ORGANIZATION, INC., upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

14. Defendant CASTRO is a corporate officer, owner, CEO of and exercised operational control over the activities of, corporate Defendant, ALLIED HEALTH.

15. Defendant CASTRO acted directly in the interest of his company, ALLIED HEALTH. Upon all available information, CASTRO had direct role in management in that he gave instructions to supervisors including Pena and controlled the pay employees including Plaintiff were to receive.

16. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS
## COMMON TO ALL COUNTS

17. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

18. Specifically, Plaintiff performed work for Defendants as a non-exempt technician from on or about august 7, 2021 until on or about September 20, 2021.

19. At all relevant times, throughout her employment, Plaintiff was to be paid at $15.00 per hour. Defendants established a bi-weekly pay period, such that the employees were supposed to get paid once a week for the fourteen (14) day period ending the immediately preceding. However, since approximately August 21, 2021, the wages due on the regularly established pay day, began to arrive late and were provided piecemeal, such that the amounts due would be paid only in part, late.

20. During Plaintiff's employment, Plaintiff regularly worked 8.5 hours per day, Monday through Friday and at least four (4) hours on Sundays. Accordingly, during the course of her employment, Plaintiff regularly worked at least 46 hours per work week.

21. During the course of Plaintiff's employment, Plaintiff was not compensated at all for many hours worked. For example, Defendants failed to compensate Plaintiff at all for the worked she performed during the last four weeks of her employment.

22. Furthermore, even though Plaintiff worked over 40 hours in a workweek, she was not paid overtime by Defendants . Specifically, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times her regular rate for all hours worked in excess of forty (40) hours.

23. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in each workweek.

24. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

25. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

26. Plaintiff made several complaints to her direct supervisor Ms. Elsy Pena ( "Pena") that she was not being paid her wages when due, and that her wages were due in arrears to such an extent, that her wages were being paid late.

27. On or about September 22, 2021, Plaintiff followed up with her manager regarding her unpaid wages. She was advised that she would call to find out and let her know. However, Defendants did not cure the deficiency.

28. That same day, Plaintiff received a call from Defendant's representative advising her she was no longer needed.

29. The temporal proximity of Plaintiff's complaints regarding the improper pay and her termination creates the presumption that Defendants retaliated against Plaintiff for attempting to exercise her rights under the law.

30. Therefore, Plaintiff retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

31. On or about October 12, 2021, Plaintiff through her counsel, submitted a written demand for payment via certified mail as required by Fla. Stat. §448.01.

32. On or about October 18, 2021, Plaintiff received three (3) checks from Defendants for the lump sum of amount $2,212.00.

33. However, the pre-suit payment failed to provide full relief for unpaid wages, for liquidated damages or attorneys' fees incurred by Plaintiff.

## COUNT I
## VIOLATION OF FLSA/MINIMUM WAGES
### Against ALLIED HEALTH

34. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

35. This action is brought by Plaintiff to recover from Defendant ALLIED HEALTH unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.* 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. At all times during her employment, Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

37. Since on or about August 21, 2021, through her termination, ALLIED HEALTH has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due, and often paying them less than the highest applicable minimum hourly wage during applicable pay periods.

38. ALLIED HEALTH knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the tardy payment of wages, and unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three year period preceding this lawsuit.

39. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of her wages and the failure to pay even a minimum hourly wage when due.

40. By reason of the said intentional, willful and unlawful acts of ALLIED HEALTH, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

41. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

42. ALLIED HEALTH never posted any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments.

43. As a result of ALLIED HEALTH's willful violations of the Act, Plaintiff is entitled to liquidated damages.

44. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ALLIED HEALTH.

WHEREFORE, Plaintiff respectfully prays for the following relief against ALLIED HEALTH:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
**VIOLATION OF FLSA/OVERTIME**
**AGAINST ALLIED HEALTH**

45. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

46. This action is brought by Plaintiff to recover from Defendant ALLIED HEALTH unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

47. Since the commencement of Plaintiff's employment ALLIED HEALTH has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times their regular rate.

48. Specifically, throughout her employment Plaintiff regularly worked at least 46.50 hours during each workweek in which she was employed.

49. 29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

50. ALLIED HEALTH is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). ALLIED HEALTH's business activities involve those to which the Fair Labor Standards Act applies.

51. The Plaintiff was a medical technician and was at all relevant times, covered by the FLSA.

52. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

53. ALLIED HEALTH has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

54. By reason of the said intentional, willful and unlawful acts of ALLIED HEALTH, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

55. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

56. ALLIED HEALTH never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

57. As a result of ALLIED HEALTH's willful violations of the Act, Plaintiff is entitled to liquidated damages.

58. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ALLIED HEALTH.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF FMWA against ALLIED HEALTH

59. Plaintiff re-alleges and re-avers paragraphs 1 through 33 as fully set forth herein.

60. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

61. ALLIED HEALTH failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during her employment with the Defendant as alleged above.

62. Plaintiff sent a written demand for these payments dated October 12, 2021. Defendant has failed to make full payment in accord with that demand.

63. As a direct result of ALLIED HEALTH's failure to pay Plaintiff, she has been damaged by not receiving wages due to her for work she performed on behalf of ALLIED HEALTH.

64. Because this is an action for unpaid wages, Plaintiff demands payment of her attorney's fees under Florida Statutes § 448.08.

WHEREFORE, Plaintiff requests judgment as follows:

    A. Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

    B. Liquidated damages;

    C. Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

    D. Such other and further relief as the court deems proper.

## COUNT IV
## FLSA RETALIATION against ALLIED HEALTH ORGANIZATION, INC.

65. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 33 of this complaint as if set out in full herein.

66. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

67. ALLIED HEALTH'S conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

68. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints for payment of her earned wages.

69. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has

been damaged.

WHEREFORE, Plaintiff respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**
**VIOLATION OF FLSA/UNPAID WAGES**
**against CASTRO**

70. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

71. At the times mentioned, Defendant CASTRO was, and is now, a corporate officer of ALLIED HEALTH.

72. CASTRO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that CASTRO acted directly in the interests of the ALLIED HEALTH in relation to its employees including Plaintiff.

73. Specifically, CASTRO determined company payroll decisions, gave instructions and directions to the supervisors including Pena, and maintained the right to hire and fire all

employees during all pertinent times hereto.

74. CASTRO was at all relevant times, the owner of ALLIED HEALTH and maintained operational control of the businesses and is thus jointly liable for Plaintiff's damages.

75. Defendant CASTRO willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant CASTRO:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
## VIOLATION OF FLSA/OVERTIME
## against CASTRO

76. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

77. At the times mentioned, Defendant CASTRO was, and is now, a corporate officer and owner of ALLIED HEALTH.

78. CASTRO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that CASTRO acted directly in the interests of the

ALLIED HEALTH in relation to its employees including Plaintiff.

79. Specifically, CASTRO determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

80. Specifically, CASTRO determined company payroll decisions, gave instructions and directions to the supervisors including Pena, and maintained the right to hire and fire all employees during all pertinent times hereto.

81. Defendant CASTRO willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant CASTRO:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
### FLSA RETALIATION *against* CASTRO

82. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 33 of this complaint as if set out in full herein.

83. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other

manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

84. CASTRO'S conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

85. The motivating factor that caused the adverse employment actions taken against Plaintiff including but not limited to Plaintiff's termination as described above was Plaintiff's complaints for proper payment of her earned wages.

86. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully pray for the following relief against Defendant CASTRO:

  A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

  B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

  C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

  D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

  E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

  F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VIII
## VIOLATION OF FMWA
## against CASTRO

87. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 33 of this complaint as if set out in full herein.

88. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

89. CASTRO failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during Plaintiff's employment as stated above.

90. As a direct result of CASTRO's failure to pay Plaintiff, she has been damaged by not receiving wages due to her in a timely manner.

91. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows against Defendant CASTRO

A. Wages, salary, lost benefits, and any other compensation for which Defendant failed to pay Plaintiff;

B. Interest on the amount found due;

C. Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action under Florida Statutes § 448.08; and

D. Such other relief as the Court deems just and proper.

**[SPACE INTENTIONALLY LEFT BLANK]**

## DEMAND FOR JURY TRIAL

Plaintiff, YESSICA ARREAZA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: November 12, 2021

                                        **PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com