UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-23984-BLOOM/Otazo-Reyes**

YESSICA ARREAZA,

      Plaintiff,

v.

ALLIED HEALTH ORGANIZATION
INC, *et al.*,

      Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Motion to Dismiss, ECF No. [34] ("Motion"), filed by Defendants Allied health Organization, Inc. ("Allied Health") and Alejandro Castro (collectively, "Defendants"). Plaintiff filed a Response in Opposition, ECF No. [35]. Defendants did not file a permissive Reply. The Court has considered the Motion, the Response, the record, the applicable law, and is otherwise fully advised. For the reasons stated below, Defendants' Motion is denied.

### I.    BACKGROUND

This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA"). According to the Second Amended Complaint ("SAC"), Plaintiff was employed by Allied Health from approximately August 7, 2021, through September 20, 2021. ECF No. [32] ¶ 22. She alleges that Defendants did not pay her on time, failed to pay her overtime wages, and unlawfully retaliated against her with termination when she complained about her wages. *Id*. at 6-14.

In the instant Motion to Dismiss, Defendants argue that the SAC fails to state a claim for individual coverage or enterprise coverage under the FLSA. ECF No. [34] at 6-14. In Response,

Plaintiff does not contest Defendants' argument regarding individual coverage. *See generally* ECF No. [35]. She argues that the SAC sufficiently alleges enterprise coverage because it details how Allied Health competes with business enterprises. *Id*. at 5-8. Plaintiff argues in the alternative that, even if individual or enterprise coverage is lacking, her claim for retaliatory discharge remains viable.[1] *Id*. at 8.

## II.     LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all

---

[1] Because the Court concludes that Plaintiff has sufficiently alleged enterprise coverage, the Court will not address Plaintiff's alternative argument regarding her retaliation claim.

facts alleged by the non-moving party are accepted as true."). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## III.    DISCUSSION

The FLSA requires "employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (citing 29 U.S.C. §§ 206(a) (minimum wage), 207(a) (overtime pay)). "In order to trigger the applicability of the FLSA, an employee must establish that she is covered by the Act, based on either individual coverage or enterprise coverage." *Villafana v. Feeding S. Fla., Inc.*, No. 13-cv-60760, 2013 WL 2646729, at *2 (S.D. Fla. June 12, 2013). Plaintiff has conceded that individual coverage is inapplicable in this case, *see* ECF No. [35] at 4 n.1, so the only issue is whether the SAC sufficiently alleges enterprise coverage.

Enterprise coverage exists when an individual "is employed in an enterprise engaged in [interstate] commerce[.]" 29 U.S.C. § 206(a). The FLSA defines "enterprise" as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose[.]" § 203(r)(1).

The Supreme Court has "consistently construed the [FLSA] liberally to apply to the furthest reaches consistent with congressional direction[.]" *Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 296 (1985). "The statute contains no express or implied exception for commercial activities conducted by religious or other nonprofit organizations, and the agency charged with its

enforcement has consistently interpreted the statue to reach such businesses." *Id.* (footnote call number omitted). According to the Department of Labor's regulation, enterprise coverage applies to a nonprofit organization that performs "ordinary commercial activities." 29 CFR § 779.214.

Therefore, to determine whether a nonprofit meets the FLSA's "common business purpose" requirement, "courts have looked at whether 'the enterprise is primarily engaged in competition in the public with ordinary commercial activities.'" *Villafana*, 2013 WL 2646729 at *3 (quoting *Kitchings v. Fla. United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1294 (M.D. Fla. 2005)). Determining whether a nonprofit is engaged in competition "requires a factually-driven analysis" that "is more appropriately conducted on a Rule 56 motion for summary judgment rather than a Rule 12(b)(6) motion to dismiss." *Davis v. Group Home for Children, Inc*., No. 2:09-cv-415, 2009 WL 2905767, at *5 (M.D. Ala. Sept. 8, 2009).

With those standards and considerations in mind, the Court turns to the allegations in the SAC. Defendants argue that "Plaintiff has *not* alleged that the Defendant engages in commercial activity in competition with private entrepreneurs[.]" ECF No. [34] at 12 (alteration in the original). The Court disagrees, in light of the following allegations:

> 12. Specifically, Defendant ALLIED HEALTH, performs the same types of business as that performed by for-profit enterprises. Specifically, it provides all health care services for communities across the state of Florida. ALLIED HEALTH offers primary care physician services with specializations in HIV and STDs treatment, and prevention and other services including COVID-19 testing.

> 13. Specifically, at all relevant times, Defendant ALLIED HEALTH, employed Plaintiff and other technicians to provide COVID-19 testing services at Ameila Earhart Park location to the general public competing with well-known, for-profit enterprises (Such as CVS and Walgreens) that traditionally provide the same type of Covid-19 testing services.
> . . .

> 15. Furthermore, Defendant ALLIED HEALTH engaged in interstate commerce in the course of its submission of billings and receipt of payment involving out-of-state medical payors, out-of-state insurers, and/or the United States government as a 340(b) entity.

. . .

> 17. Although a non-profit, ALLIED HEALTH at all material times provided services that included Primary Care Physician services, as well as diagnostic testing services – which are ordinarily business activities performed by ordinary business enterprises[.]

ECF No. [32] (footnote call numbers omitted). Within these allegations, Plaintiff has specified Defendants' activities that place it in competition with for-profit businesses that provide health care services, STD testing and treatment, and COVID-19 testing. *Id*. Defendant allegedly receives fees for its services, albeit from "out-of-state insurers . . . or the United States government." *Id*. ¶ 15. *See Villafana*, 2013 WL 2646729, at *4 ("[W]hether a nonprofit charged a fee for its services [is] relevant in assessing the organization's commercial activities."). The allegations are not simply "labels and conclusions," but rather detailed and specific facts, which, if proven, would establish enterprise coverage. *See Twombly*, 550 U.S. at 555.

In light of the SAC's allegations, the primary case cited by Defendants is easily distinguishable. *See* ECF No. [34] at 13-14 (discussing *Reagor v. Okmulgee Cnty. Fam. Res. Ctr.*, 501 F. App'x 805, 810-11 (10th Cir. 2012)). The defendant in *Reagor* was a "non-profit organization, which provides shelter to victims of domestic violence." *Id*. at 810. The complaint in that case apparently contained no allegations indicating that the organization "was engaged in a business or in any type of competition." *Id*. at 810-11. Here, by contrast, the SAC contains detailed allegations as to Allied Health's competition with for-profit entities. ECF No. [32] ¶¶ 12, 13, 15, 17.

In sum, the Court concludes that the SAC sufficiently alleges that Defendants are engaged in "ordinary commercial activities," 29 CFR § 779.214, "for a common business purpose," 29 U.S.C. § 203(r)(1). Therefore, the SEC sufficiently sets forth a claim for enterprise coverage.

Case No. 21-cv-23984-BLOOM/Otazo-Reyes

IV.    **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Dismiss, **ECF No.**

**[34]**, is **DENIED**. Defendants shall file an answer to the Second Amended Complaint no later than

**September 2, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 25, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record